UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:15-cr-000093 |
| | ) | JUDGE ASPEN |
| JARRATT A. TURNER | ) | |
| | ) | |

**<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>**

Comes the United States of America, by and through its undersigned counsel, and submits the following proposed set of jury instructions. Defense counsel did not confer with the government regarding jury instructions prior to filing the defendant's proposed jury instructions and verdict form, and as such, this filing will address the proposed jury instructions and jury form proposed by the defendant. All references herein to the Sixth Circuit Pattern Jury Instructions refer to the those that were updated as of September 9, 2015.

The government does not object to any of the proposed jury instructions provided by the defendant except as follows:

1. The government requests that the Sixth Circuit pattern jury instructions from September 9, 2015, be used rather than those proposed by the defense from April 1, 2013.

2. The defense has requested inclusion of the jury instructions that define willfully (§ 2.05), knowingly (§ 2.6), and specific intent (2.07), but each of these states that "No General Instruction Recommended," and as such, should not be included. A suggested

1

definition of "knowingly" as it relates to one of the charged crimes is included in the additional proposed instructions below.

3. The defense has requested pattern jury instruction § 7.09, Character and Reputation of Defendant, which the government submits is unnecessary as the government is not intending to raise any issues about the truthfulness or other character traits of the defendant.

4. The defense has requested pattern jury instructions § 7.13, Other Acts of Defendant. The government does not intend to introduce evidence of other crimes, acts, or wrongs not charged in the indictment, such that this instruction is not necessary.

5. The defense has requested pattern jury instruction § 8.07, which involves lesser offenses. There are no lesser included offenses, so this instruction is unnecessary.

The government does not object to the defendant's proposed verdict form.

The government requests the following jury instructions in addition to those proposed by the defendant.

# COURT'S INSTRUCTION NO. __

## ELEMENTS OF THE OFFENSE CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

[Pattern Crim. Jury Instr. Sixth Cir. 2.01 (2015 Ed.)]

**COURT'S INSTRUCTION NO. __**

**THE INDICTMENT**

The indictment is an accusation by the Grand Jury and charges as follows:

<u>COUNTS ONE TO SIXTEEN</u>

THE GRAND JURY CHARGES:

On or about the dates set forth below, in the Middle District of Tennessee and elsewhere, the defendant, JARRATT A. TURNER, did employ, use, persuade, induce, entice, and coerce a minor child under the age of twelve as specified below to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce:

| Count | Date | Victim |
|---|---|---|
| 1 | October 4, 2014 | Victim A, a male child under the age of 12 |
| 2 | October 5, 2014 | Victim A, a male child under the age of 12 |
| 3 | October 11, 2014 | Victim B, a female child under the age of 12 |
| 4 | October 31, 2014 | Victim A, a male child under the age of 12 |
| 5 | November 14, 2014 | Victim B, a female child under the age of 12 |
| 6 | December 6, 2014 | Victim A, a male child under the age of 12 |
| 7 | December 7, 2014 | Victim A, a male child under the age of 12 |
| 8 | December 20, 2014 | Victim B, a female child under the age of 12 |
| 9 | February 28, 2015 | Victim A, a male child under the age of 12 |
| 10 | March 21, 2015 | Victim B, a female child under the age of 12 |
| 11 | April 13, 2015 | Victim B, a female child under the age of 12 |
| 12 | April 19, 2015 | Victim B, a female child under the age of 12 |
| 13 | April 20, 2015 | Victim B, a female child under the age of 12 |
| 14 | May 18, 2015 | Victim B, a female child under the age of 12 |
| 15 | May 21, 2015 | Victim B, a female child under the age of 12 |
| 16 | May 23, 2015 | Victim B, a female child under the age of 12 |

In violation of Title 18, United States Code, Sections 2251(a) and 2251(d).

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES:

Between on or about April 14, 2015, and on or about May 25, 2015, in the Middle District of Tennessee and elsewhere, the defendant, JARRATT A. TURNER, knowingly transported child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(b).

# COURT'S INSTRUCTION NO. __

## ELEMENTS OF COUNTS ONE THROUGH SIXTEEN – PRODUCTION OF CHILD PORNOGRAPHY

Counts One through Sixteen of the indictment charge the defendant with using a minor to engage in sexually explicit conduct to produce a visual depiction. For you to find the defendant guilty of each of these crimes, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant employed, used, persuade, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

Second: That the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer.

Now I will give you more detailed instructions on some of these terms.

The term "minor" means any person under the age of 18 years.

The term "sexually explicit conduct" means actual or simulated

1. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

2. Bestiality;

3. Masturbation;

4. Sadistic or masochistic abuse;

5. Lascivious exhibition of the genitals or pubic area of a person. In deciding whether an exhibition is lascivious, you may consider these six factors:

a. Whether the focal point of the visual depiction is on the child's genitalia or pubic area;

b. Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

c. Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

d. Whether the child is fully or partially clothed, or nude;

e. Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

f. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "in interstate commerce" means the production materials crossed a state line.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with

7

such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

It is not necessary that the government prove that the defendant knew the person depicted was a minor.

If you are convinced that the government has proved all of these elements for a particular count, say so by returning a guilty verdict on this count. If you have a reasonable doubt about any one of these elements for a particular count, then you must find the defendant not guilty of this count.

[Pattern Crim. Jury Instr. Sixth Cir. 16.01 (2015 Ed.)]

## COURT'S INSTRUCTION NO. __

## ELEMENTS OF COUNT SEVENTEEN –
## TRANSPORTATION OF CHILD PORNOGRAPHY

Count Seventeen of the indictment charges the defendant with transportation of child pornography. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant knowingly transported any child pornography.

Second: That the defendant knew that the material was child pornography.

Third: The child pornography was shipped or transported using any means or facility of interstate commerce, including by computer.

Now I will give you more detailed instructions on some of these terms.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, computer or computer-generated image or picture, whether made by electronic, mechanical, or other means where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

The term "means or facility of interstate commerce" includes the Internet.

The terms "visual depiction," and "sexually explicit conduct" were defined earlier.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

[Adapted from Pattern Crim. Jury Instr. Sixth Cir. 16.08 (2015 Ed.)]

# COURT'S INSTRUCTION NO. __

## KNOWINGLY

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

[Pattern Crim. Jury Instr. Seventh Cir. 4.10 (2012 Ed.)]

# COURT'S INSTRUCTION NO. \_\_

## INTRODUCTION – EVIDENTIARY MATTERS

That concludes the part of my instructions explaining the elements of the crimes charged. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

[Pattern Crim. Jury Instr. Sixth Cir. 7.01 (2015 Ed.)]

# COURT'S INSTRUCTION NO. __

## OPINION TESTIMONY

You have heard the testimony of Secret Service Special Agent David Fox and Homeland Security Fingerprint Specialist Laura Tierney, who testified as opinion witnesses.

You do not have to accept the opinion of these witnesses. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached the conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

[Pattern Crim. Jury Instr. Sixth Cir. 7.03A (2015 Ed.)]

Respectfully submitted this 29th day of July, 2016.

> DAVID RIVERA
> United States Attorney
>
> BY /s S. Carran Daughtrey
> S. Carran Daughtrey
> Assistant U. S. Attorney
> 110 9th Avenue South, Ste. 96l
> Nashville, Tennessee 37203
> Phone: (615) 736-5l5l

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Dumaka Shabazz, counsel for the defendant upon this 29th day of July 2016.

> /s S. Carran Daughtrey
> S. Carran Daughtrey
> Assistant U. S. Attorney