UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-000093 |
| | ) | JUDGE ASPEN |
| JARRATT A. TURNER | ) | |
| | ) | |

# GOVERNMENT'S MOTION IN LIMINE #1

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, respectfully submits this motion in limine and memorandum of law. Specifically, the government seeks a ruling from the Court that pursuant to Fed. R. Evid. 902(7), the trade inscriptions, tags, or labels affixed to electronic devices in this case are self-authenticating as to their origin and thus admissible in the government's case in chief.

It is well-settled that under the Federal Rules of Evidence, the possibility of fraud, forgery and mis-attribution of certain documents or items is so slight that general requirement of authentication by extrinsic evidence called for by Fed. R. Evid. 901 is dispensed with. *See United States v Howard-Arias*, 679 F2d 363, 366 (4th Cir. 1982). Many of these types of documents and items have been specifically singled out from the requirement of authentication under Fed.R.Evid. 902, which, in relevant part, provides:

> **Rule 902. Self-authentication**
> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
> . . . .
> (7) Trade inscriptions and the like. Inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin.

Fed.R.Evid. 902(7).

1

This exception to Fed. R. Evid. 901 has been recognized and applied to documents, *see Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticated under 902(7)); firearms, *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992) (holding a manufacturer's inscription on a firearm was not subject to the hearsay rule and properly admitted as evidence that it had been manufactured in Spain);[1] markings on the opening frames of a news broadcast, *see L.A. News Serv. v CBS Broad., Inc*. 305 F3d 924, 936 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under 902(7)); and computers, *see ACCO Brands, Inc v Pc Guardian Anti-Theft Prods.*, 592 F Supp 2d 1208, 1219 (ND Cal 2008) (holding label on computers was self-authenticating under Fed. R. Evid. 902(7) because inscribed with manufacturer's trade name for that make of computer). Further, because the trade inscriptions are simply a part of the physical evidence in the case – the computer, hard drives, and camera – they are not "statements" within the meaning of Fed. R. Evid. 801. *See Alvarez*, 972 F.2d at 1004 (holding that the "evidence consisting of a manufacturer's inscription on a firearm is not an assertion subject to the hearsay rule.").[2]

---

[1] *See also United States v. Roysdon*, 612 F.2d 582 (6th Cir. 1979) (unpublished) (holding that the markings on the gun which established that it had been manufactured in West Germany were self authenticating and it was thus properly admitted under 902(7)).

[2] *See also United States v. Brown*, 79 Fed. R. Evid. Serv. 1720, 2009 WL 2090193, 4:08-cr-0006-DFH-MGN-1, 2009 U.S. Dist. LEXIS 59671 (SD Ind. July 13, 2009) (involving the trade inscription on a computer hard drive and holding that because the trade inscription is part of the physical evidence, required by law, and highly reliable, it is akin to a "mechanical trace" described by Professor Wigmore in his treatise on evidence as a hearsay exception). *Alvarez* was overruled on other grounds in *Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir.2008), which was in turn overruled by *Nijhawan v. Holder*, 557 U.S. 29 (2009).

2

**Argument**

I. **The Trade Inscriptions on the Electronic Devices Are Self-Authenticating as to the Electronics' Origins.**

The United States expects to present the testimony from Secret Service Special Agent David Fox that certain electronics seized from the defendant and found in his apartment were used to produce or store child pornography. On the back or inside of each device is a trade inscription that reads "Made in __." For example, the Samsung Galaxy S5 smartphone shows that it was "Made in China," and the Samsung Galaxy Tablet 3 shows that it was made in Vietnam. Assuming a foundation is laid by the United States as to each device's connection to the charged counts for Production of Child Pornography, it is directly relevant[3] to 18 U.S.C. § 2251(a)'s element requiring that the visual depictions were produced or attempted to be produced "using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means . . ." *Id*.

To prove this element at trial, the United States would normally anticipate calling a custodian from the manufacturer of the device, and eliciting testimony that the company does not manufacture any such devices within the State of Tennessee. Pursuant to Fed. R. Evid. 902(7) and *Alvarez*, however, the presence of a trade inscription on the body of an electronic device clearly provides a basis for its admission without the necessity of extrinsic evidence of authenticity.

WHEREFORE for the reasons set forth above, the United States thus seeks a ruling from this Court that pursuant to Fed. R. Evid. 902(7), the trade inscriptions on the relevant electronic devices are self-authenticating as to the origins of the devices, that no additional

---

[3] To be relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

extrinsic evidence of authenticity is necessary for their admission, and that the trade inscription is not a "statement" within the meaning of Fed. R. Evid. 801.

>DAVID RIVERA
>United States Attorney
>
>/s/ S. Carran Daughtrey
>S. Carran Daughtrey
>Assistant U. S. Attorney
>110 9th Avenue South, Ste. 96l
>Nashville, Tennessee 37203
>Phone: (615) 736-5l5l

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Dumaka Shabazz, counsel for the defendant upon this 29th day of July 2016.

>/s/ S. Carran Daughtrey
>S. Carran Daughtrey
>Assistant U. S. Attorney