UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-000093 |
| | ) | JUDGE ASPEN |
| JARRATT A. TURNER | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE #1**

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, respectfully requests this Court deny defendant's Motion in Limine #1 to Exclude Fingerprint Testimony for the reasons stated herein.

**Facts**

On June 7, 2015, a Special Agent with the Homeland Security Investigations (HSI) Forensic Laboratory identified defendant Jarratt Turner's fingerprint in three images that featured a male hand sexually exploiting a prepubescent female. The image was a high-resolution digital image and the fingerprint's ridge detail and minutiae were visible to the naked eye. The agent isolated the hand and fingers in the images using the well-known software "Photo Shop," such that the resulting image had the child's genital area redacted. The fingerprint specialist was given the redacted images, which she was able to use to compare to the defendant's booking fingerprints. This analysis confirmed that it was the defendant's hand in the images.

**Legal Argument**

Fingerprint identification is a well-established scientific procedure that does not require a *Daubert* hearing to determine its admissibility. Expert scientific testimony is admissible when "the expert will testify to (1) scientific knowledge that (2) will assist the trier of fact to understand

1

or determine a fact in issue." *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250–51 (6th Cir. 2001) (relying on *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)). Trial courts determine the reliability of the proffered scientific evidence based on the four factors identified by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Incorporated*: (1) whether the theory has been tested; (2) whether it has been subject to peer review; (3) whether a technique has a potential rate of error; and (4) whether the theory is generally accepted within the scientific community. *See* 509 U.S. 579, 592-594 (1993). Although a trial court must make an initial assessment regarding the relevance and reliability of evidence, *Daubert* does not require the court to conduct a formal hearing. *See Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999); *see also Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 516 (6th Cir. 1998); *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000).

Contrary to the defendant's assertion that fingerprint identification has been the subject of "longstanding scrutiny," there is a wealth of case law in the Sixth Circuit and within many other circuit courts upholding the reliability and relevance of fingerprint evidence, and federal courts routinely admit fingerprint testimony without conducting formal *Daubert* hearings. *See United States v. Stone*, 848 F. Supp. 2d 714, 717 (E.D. Mich. 2012) (*Daubert* hearing not required because fingerprint evidence is a well-established area of expertise); *United States v. Cromer*, No. 1:01-CR-130-01, 2006 WL 1430210, at *1 (W.D. Mich. May 23, 2006) (same); *United States v. Jones*, No. 3:06-CR-149, 2007 WL 4404679, at *6 (E.D. Tenn. Dec. 13, 2007) (same); *Payne v. Bobby*, No. 2:05-CV-050, 2006 WL 508784, at *22 (S.D. Ohio Feb. 27, 2006) (same); *United States v. John*, 597 F.3d 263, 274-275 (5th Cir. 2010) (*Daubert* hearing not required because "fingerprint identification has been admissible as reliable evidence in criminal trials in this country since at least 1911"); *United States v. Mitchell*, 365 F.3d 215, 246 (3d Cir. 2004) (district court did not

2

abuse its discretion by dispensing with a *Daubert* hearing when no novel challenge to latent fingerprint evidence was raised).

Although lifting fingerprints from a digital image is a relatively new technique made possible by advances in digital camera technology, specifically the increased resolution of smartphone cameras, the evidence gained from it is still admissible because a technique does not have to be widespread to satisfy the reliability and relevancy requirements of *Daubert*. *See Daubert*, 509 U.S. at 589 (superseding the rigid *Frye* "general acceptance" test and holding that widespread use of a scientific method is not required as long as it is reliable and relevant); *see also Culver v. United States*, No. 5:07-CR-0009-LSC-JEO, 2014 WL 6455145, at *5 (N.D. Ala. Nov. 13, 2014) (defendant in child molestation case was convicted based on evidence obtained when police lifted his fingerprint from video image).

In this case, a fingerprint specialist identified the defendant's fingerprints in several digital photographs by relying on the same scientific methods used by law enforcement to conduct fingerprint analysis for over a century. Whether a defendant's fingerprints are captured by lifting latent prints from a physical surface, such as a firearm, or by lifting the prints from a high resolution digital image, as in this case, the science underlying the analysis is the same: a fingerprint expert compares the markings, referred to as "dots," and "ridges," from the lifted print to a known fingerprint of the individual to be identified. Fingerprint markings are unique to every individual, and a person's identity can be confirmed to a scientific certainty by comparing their known fingerprint to a lifted fingerprint. No two individuals have the same fingerprint. Therefore, it is impossible for the hand in the three images depicting child molestation to belong to anyone other than the defendant.

3

Case 3:15-cr-00093   Document 42   Filed 08/04/16   Page 3 of 4 PageID #: 109

The fingerprint testimony the government seeks to admit is reliable and relevant scientific evidence that will enable the government to prove that the defendant committed the charged conduct. Since the defendant fails to raise a novel challenge to the science underlying the analysis of his fingerprints, his motion should be denied.

## Conclusion

The government urges this Court to deny the defendant's Motion in Limine #1 to Exclude Fingerprint Testimony because although lifting fingerprints from digital images is a newer technique for capturing fingerprints, it relies on the same longstanding and widely accepted procedures used in traditional fingerprint analysis. The fingerprint evidence the government seeks to introduce is reliable and relevant to proving that the defendant committed the charged conduct. Since the defendant fails to present a novel challenge to the science underlying fingerprint analysis, the government requests the motion be denied.

DAVID RIVERA
United States Attorney

/s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant U. S. Attorney
110 9th Avenue South, Ste. 96l
Nashville, Tennessee 37203
Phone: (615) 736-5l5l

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Dumaka Shabazz, counsel for the defendant on August 4, 2016.

/s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant U. S. Attorney