UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-000093 |
| | ) | JUDGE ASPEN |
| JARRATT A. TURNER | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE #2**

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, respectfully responds herein to the defendant's Motion in Limine #2 to exclude testimony "regarding Children's Hospital, a Children's Hospital Hat, or that Mr. Turner worked at Children's Hospital."

When law enforcement officers sought to interview the defendant, he invoked his right to an attorney. Later, however, when he was transported to jail, he made some unsolicited statements, which were documented and provided in discovery:

> Prior to leaving the HIS RAC Office, TURNER expressed his concern for the well-being of the baseball hat he had been wearing. The hat was from the Vanderbilt Children's Hospital located in Nashville, TN. TURNER stated the hat was very special to him and was given to him based on the work he did for the children in the hospital. While travelling to the Davidson County Jail TURNER made additional unsolicited statements regarding his work at the Children's Hospital. TURNER spoke about how he was one of the guys that rappelled from the top of the buildings as a window washer. TURNER further explained that he would dress up as a superhero and rappel down the Children's Hospital for the kids. TURNER expressed how wonderful it was to do something for the kids. TURNER stated that he knew it was probably ironic hearing those statements come from him based on what the Agents probably thought of him, but TURNER stated that it didn't matter what the Agents thought.

1

The defendant argues that his statements are impermissible pursuant to Fed. R. Evid. 401 and 403. The government does not intend to introduce these unsolicited statements in its case-in-chief but reserves the right to introduce them should the defendant open the door through inconsistent testimony or otherwise.

DAVID RIVERA
United States Attorney

/s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant U. S. Attorney
110 9th Avenue South, Ste. 96l
Nashville, Tennessee 37203
Phone: (615) 736-5l5l

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Dumaka Shabazz, counsel for the defendant on August 4, 2016.

/s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant U. S. Attorney