UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-000093 |
| | ) | JUDGE ASPEN |
| JARRATT A. TURNER | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE #4**

The United States of America, by and through Henry Leventis and S. Carran Daughtrey, Assistant United States Attorneys for the Middle District of Tennessee, respectfully requests this Court deny defendant's Motion in Limine #4 (DE 35) to exclude evidence of music found in defendant's apartment because said evidence is directly probative of the defendant's intent to create sexually explicit images of children.

**I. Factual Background**

The defendant has been charged with 16 counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (d). The victims in this case were under 6 years of age. In order to prove the defendant guilty of these charges, the Government must prove not only that he produced or created images, but that his purpose was that each charged image depict sexually explicit conduct of minors. *See* 18 U.S.C. § 2251(a); *see also* Sixth Circuit Pattern Jury Instruction 16.01.

Evidence in this case will establish that during a search of the defendant's apartment on June 5, 2015, federal agents found a CD in the defendant's desk drawer with other personal items. The CD was homemade and contained three songs. The songs all consist of a male voice similar

1

to the defendant's voice and a guitar. The defendant is known to be a guitar player. A guitar was also found in his apartment during the search.

One of the songs on the CD is listed as "Six Years Old." The lyrics of that song are as follows:

> What's that you say?
> You don't have a brother.
> What's that you say?
> You don't have a father.
>
> You're only six years old.
> But that's ok with me.
> Because old enough to pee,
> is old enough for me.
>
> What's that you say?
> You don't have a brother.
> What's that you say?
> You don't have a father.
>
> You're only six years old.
> But that's ok with me.
> Because old enough to pee,
> I can fuck you on your knees.
>
> What's that you say?
> You don't have a mother.
> What's that you say?
> You don't have a father.
>
> I can make you mind for a night.
> Make you mind,
> because you're so tight.
> What's that you say?
> What's that you say?

**II.     The Defendant's Music is Relevant and Admissible Under Fed. R. Evid. 401 and 402**

Irrespective of whether these are the defendant's words or whether he merely possessed this music, the lyrics are directly probative of his sexual interest in children. In other words, it is
2

the Government's position that it is more probable that someone is sexually interested in children if they possess and listen to music about having sex with a six-year-old orphan than if they do not. Establishing that the defendant is sexually interested in children, in turn, makes it more likely that his purpose in creating the charged images was to depict minors engaged in sexually explicit conduct. The music found in the defendant's possession is, therefore, both relevant and admissible under Fed. R. Evid. 401 and 402.

### III.     The Defendant's Music is Admissible under Fed. R. Evid. 403

The probative value of the defendant's music is not substantially outweighed by unfair prejudice under Fed. R. Evid. 403. It is well established that "damage to a defendant's case is not a basis for excluding probative evidence. And for good reason. Evidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). Instead, "the touchstone for excluding evidence under Rule 403 is not prejudice, but 'unfair' prejudice. Moreover, unfair prejudice must 'substantially' outweigh the probative value of the evidence." *Id.*

The defendant's motion to exclude his music under Fed. R. Evid. 403 is supported by exactly one conclusory statement: "… an introduction of the items would only be used to inflame the jury, confuse the issues, and mislead the jury, and would therefore be prohibited under Fed. R. Evid. 403." DE 35 at 1. In fact, the above-mentioned evidence would likely do little to "inflame" a jury that must view numerous sexually explicit images and videos of an infant and a toddler, including some with penetration, as will be the case here. That is because the song lyrics being offered to establish the defendant's sexual interest in children and intent to produce sexually explicit images of children, while offensive, are far less offensive than the images and videos he created. Nor is it clear how this evidence would confuse the issues or mislead the jury.

3

## IV. The Defendant's Music Would Also Be Admissible Under Fed. R. Evid. 404(b)

As noted above, the defendant's music is being offered as direct evidence of his purpose for creating the charged images. Nonetheless, even if the Court were to view this as other acts evidence, it would be admissible under Fed. R. Evid. 404(b) to show the defendant's motive, intent to commit the charged crimes, and absence of any mistake or accident.

### A. Courts Have Frequently Permitted the Introduction of Other Acts Evidence Relating to Child Sexual Exploitation

Other act evidence relating to child sexual exploitation is generally admissible under Rule 404(b) for the permissible purposes of proving a defendant's intent, knowledge, motive, plan and absence of mistake in committing sexual exploitation crimes. In these cases, courts have frequently permitted the introduction of both uncharged images of child pornography and internet chats regarding child sexual exploitation to demonstrate a defendant's motive, intent, plan and absence of mistake. For example, in *United States v. Wolford*, 386 Fed. Appx. 479 (5th Cir. 2010), the defendant was convicted of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), after planning to meet a person whom he believed to be a 13-year-old girl (actually an undercover law enforcement agent) over the internet. On appeal, the defendant argued that images of child pornography and transcripts of online conversations with anonymous third parties that were found on his computers should have been excluded as inadmissible propensity evidence. *Id.* at 482. The court disagreed and noted that the child pornography images and online transcripts spoke to motive and intent. *Id.* Significantly, the court also noted that "the risk of unfair prejudice was minimal, given the already-graphic nature of the case and the district court's limiting instruction to the jury." *Id.*

Likewise, in *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006), the defendant was charged with traveling across state lines to commit sexual acts with an individual he believed to be thirteen years old. In admitting uncharged images of child erotica, the *Brand* court explained that "prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *Id.* at 197 (internal quotations omitted). The Court quoted the government's brief approvingly in stating that "these images provided a glimpse into Brand's sexual interest in children . . . ." *Id.*

Courts also have permitted the admission of uncharged images of child pornography and internet chats in cases charging child pornography offenses. In a child pornography case decided over twenty years ago, the Third Circuit affirmed the admission of evidence relating to uncharged child pornography videos when the defendant was charged with receiving child pornography. *United States v. Brown*, 862 F.2d 1033 (3d Cir. 1988). The court also affirmed the admission of the defendant's correspondence with the company (which was actually a front set up by the government) from which he ordered the charged video. *Id.* at 1034-36. As the *Brown* Court stated, "We find no difficulty with the admission into evidence of the child pornography found, along with the charged video, in the defendant's home. Admission of this material was properly within the discretion of the district court to show 'proof of . . . intent, . . . knowledge, . . . or absence of mistake or accident' under . . . 404(b)." *Id*. at 1038.

While the defendant's music is akin to child pornographic images, in so much as both demonstrate a sexual interest in children, it is not nearly as inflammatory as pornographic images of children. Therefore, the risk of "unfair" prejudice is considerably less in the defendant's case than the instances noted above where appellate courts around the country upheld the admission of uncharged images of child pornography under Fed. R. Evid. 404(b).

5

V. **Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion in limine.

                         DAVID RIVERA
                         United States Attorney

                         /s/ Henry Leventis
                         Henry Leventis
                         Assistant U.S. Attorney
                         110 9th Avenue South, Ste. 961
                         Nashville, Tennessee 37203
                         Phone: (615) 736-5151

                         /s/ S. Carran Daughtrey
                         S. Carran Daughtrey
                         Assistant U. S. Attorney
                         110 9th Avenue South, Ste. 961
                         Nashville, Tennessee 37203
                         Phone: (615) 736-5151

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Dumaka Shabazz, counsel for the defendant on August 4, 2016.

                         /s/ S. Carran Daughtrey
                         S. Carran Daughtrey
                         Assistant U. S. Attorney