# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:15CR00093 |
| ) | Judge Marvin E. Aspen |
| JARRATT A. TURNER ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America has moved, pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2253(a), for the issuance of a Preliminary Order of Forfeiture as to items seized from the person of Jarratt A. Turner or from his residence at 3804 Oxford Street, Nashville, Tennessee, on or about June 5, 2015, including, but not limited to three cellular phone and two tablets as more fully described below. The motion is based on the Court's acceptance of the Defendant Jarratt A. Turner's plea of guilty to the Indictment charging the defendant with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (d) (Counts One through Sixteen) and transportation of child pornography in violation of 18 U.S.C. §§ 2252(A)(a)(1) and 2252A(b) (Count Seventeen). (D.E. 82: Order Accepting Plea of Guilty).

**FACTS:**

1. On July 1, 2015, a federal grand jury sitting in the Middle District of Tennessee returned a seventeen count Indictment against the Defendant Jarratt A. Turner charging sixteen counts of production of child pornography in violation of Title 18, United States Code, Sections

2251(a) and 2251(d) and one count of transporting child pornography in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(b). (D.E. 11: Indictment).

2.    Upon conviction of any one or more of the offenses alleged in Counts One through Seventeen of the Indictment, the Forfeiture Allegation of the Indictment sought forfeiture pursuant to 18 U.S.C. § 2253(a), in relevant part, of items seized from the person of Jarratt A. Turner or from his residence at 3804 Oxford Street, Nashville, Tennessee, on or about June 5, 2015, including, but not limited to, the following:

1)  Samsung Galaxy S6 (Phone); Model – SM-G920P; MEID – 256691544701127425;

2)  Samsung Galaxy S3 (Phone); Model – SGH-T999; IMEI 355164055511369;

3)  Next Tablet; Model – NX785QC8G; S/N YFG0714147835;

4)  Samsung Galaxy Tab3 (Tablet); Model – SM-T217S; MEID – 256691514203605879;

5)  ASUS Tablet; Model – ME173X; S/N D70KCY023371

(collectively "Subject Property"). (D.E. 11: Indictment). The aggregate value of the Subject Property is less than $1,000. (D.E. 87: Affidavit of Deborah Krause).

3.    On March 20, 2017, Defendant pled guilty to the Indictment, including Counts One through Sixteen, charging the defendant with production of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b) and Count Seventeen charging transporting child pornography in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(b). (D.E. 82: Plea Petition, ¶ 12).

4.    Based upon the evidence set forth at the plea hearing, and the facts of this case, the

2

Case 3:15-cr-00093   Document 86   Filed 09/12/17   Page 2 of 7 PageID #: 220

United States submits it has established the requisite nexus between the Subject Property and Counts One through Seventeen. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

5. At the plea hearing on March 20, 2017, the Court accepted the defendant's plea. Sentencing is currently scheduled for October 11, 2017. (D.E. 82: Order Accepting Plea of Guilty, D.E. 83: Notice of Sentencing).

**LAW:**

Rule 32.2(b)(1) and (b)(2), Federal Rules of Criminal Procedure, provide, in pertinent part, that:

> **(b) Entering a Preliminary Order of Forfeiture.**
>
> **(1) Forfeiture Phase of the Trial**
>
> **(A) Forfeiture Determinations**. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> **(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> **(2) Preliminary Order.**
>
> **(A) Contents of a Specific Order**. If the court finds that property

3

is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . .

**(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

. . .

**(6) Notice of the Forfeiture Order.**
**(A) Publishing and Sending Notice.** If the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

As required, nexus has been shown between the offenses of conviction and the Subject Property.

Because the Subject Property is valued at less than $1,000, an exception may be made to the publication notice requirements of Fed.R.Crim.P. 32.2(b)(6); pursuant to Fed.R.Civ.P., Supplemental Rule G(4)(a)(i)(A) notice need not be published when the "property is worth less

4

than $1,000 and direct notice is sent … to every person the government can reasonably identify as a potential claimant . . ."

Upon issuance of the Preliminary Order of Forfeiture, in light of the exceptions to notice by publication requirement set forth at Rule G(4)(a)(i)(A) and the nominal value of the Subject Property, the United States requests that it not be required to publish notice of the order of forfeiture or of the United States intent to dispose of the Subject Property. Pursuant to 21 U.S.C.§ 853(n), the United States, to the extent practicable, will provide direct written notice to any person, other than the defendant, known to have alleged an interest in the Subject Property that is the subject of this Order. Said notice, if given, shall state that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court (and serve a copy on Debra Teufel Phillips, Assistant United States Attorney, Middle District of Tennessee, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

In accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the Subject Property subject to forfeiture whether held by the defendant or a third party.

The United States further requests the court order that either upon entry of a Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that

5

Case 3:15-cr-00093   Document 86   Filed 09/12/17   Page 5 of 7 PageID #: 223

the electronic media, including but not limited to, computers, phones, tablets, etc., are no longer necessary for trial in this matter, the Subject Property shall be wiped clean, if possible, of all information. Further, because the item sought for forfeiture contains child pornography, the United States asks that it be permitted, in its discretion, to destroy the Subject Property without further petition to the court - particularly if the Subject Property cannot be wiped clean.

**CONCLUSION:**

WHEREFORE, at a time prior to the imposition of sentence and after acceptance of the plea, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the Defendant's interest in the Subject Property.

WHEREFORE, the United States further requests that the Court order the United States Department of Treasury or his designee to seize and maintain custody of the forfeited Subject Property and dispose of it in accordance with the law.

Respectfully submitted,

MARK H. WILDASIN
Acting United States Attorney

By: /s Debra Teufel Phillips
DEBRA T. PHILLIPS

By: /s S. Carran Daughtrey
S. CARRAN DAUGHTREY
Assistant United States Attorneys
110 Ninth Avenue, South, Suite A-961
Nashville, Tennessee 37203
Telephone: (615) 736-5151
Email: carrie.daughtrey@usdoj.gov
  deb.phillips@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2017, a copy of the foregoing Memorandum in Support of Motion of the United States for Issuance of a Preliminary Order of Forfeiture was filed electronically. Notice of this filing will be sent to Dumaka Shabazzt via email to Dumaka_Shabazz@fd.org by operation of the Court's electronic filing system.

                                                By:    /s Debra Teufel Phillips
                                                         DEBRA T. PHILLIPS