UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:15-00093 |
| | ) | Senior Judge Aspen |
| | ) | |
| JARRATT A. TURNER | ) | |

## JARRATT TURNER'S POSITION TO GOVERNMENT'S REQUEST FOR RESTITUTION

Comes now Jarratt Turner, through counsel, and states his position regarding restitution. Mr. Turner submits that the Government's request for $58,415 is unsupported and unreasonable. Mr. Turner would agree to $5,000.

### I. Background

Mr. Turner has accepted responsibility for his actions by pleading guilty to a 16 count indictment for Production of Child Pornography and an additional count for transporting child pornography. In this case, there are two specific children that were victims of Mr. Turner's actions in the indictment counts 1-16. To date, the Government has not submitted any documents relating to their request for restitution.

However, the Government is seeking restitution in the amount of $58,415 to an individual identified in the Sponge Bob series hereafter referred to as "Andy". Apparently, one of the images found on Mr. Turner's electronic devices (PSR 14) was of an individual who has previously been identified and assigned the series name "Sponge

Bob."

## II. Argument

The Government is seeking restitution in the amount of $58, 415. According to the documents provided by the Government in the Victim Impact Statement, Andy, the Victim in the Sponge Bob series "seeks restitution for: (1) $25,000 for the defendant's share of Andy's future psychological counsel costs and future lost income; (2) $33,415 for his expenses in preparing his report." (See Victim Impact Statement pg. 133).

### A. $25,000 for future psychological counsel costs and future lost income is unsupported.

Here the Government seeks $25,000 for future costs without adequately laying a foundation to support such an amount. Per the Government, "Andy has suffered future psychological counseling costs of $267,038 and future lost income of $1,854,925 – for total losses $2,121,963. These losses stem from the actions of defendant Turner as well as other criminals." (*Id*. at 132).

For one, these amounts are speculative and mere guesswork. The Government has provided estimates based on past data and indicators. At this point, a more accurate assessment would be based on Andy's actual future indicators based on his current actions. For example, the Government provides an estimated psychological counseling of $267,038. That figure was determined by using a generic guestimate that Andy would attend a particular amount of therapy sessions over the remaining years of his life. However, there is no real way to guess how many sessions he will attend. For Mr. Turner

to even begin the analysis for the future, he would need to how often Andy is currently in session. Andy's original sexual abuse began prior to March 2014. After four years, we should have an actual number of therapy sessions he has attended to date. From there, we could provide a more accurate estimation of future services. The Government's experts listed in the Victim Impact Statement have only provided a generic estimate of needed therapy.

Furthermore, Mr. Turner would need additional information to determine if the amount requested is fair. Mr. Turner would need the following information, which was not provided in the restitution letter:

1. What is the total monetary harm to the victim?
2. What is the total amount recovered to date?
3. What is the total number of convictions to date involving the victim, and what proportion of the damages were paid by those?
4. What is the total number of individuals currently indicted for possessing images of the victim?
5. What is the total number of ongoing investigations known to any federal investigative agency that have not yet been indicted involving images of the victim?
6. In what proportion of prior cases involving these images did the government decline to seek restitution?

Without this information, neither Mr. Turner nor the Court is in a position to render a just amount of restitution. Mr. Turner submits a total of $5,000 is appropriate.

    **B. Restitution in the Amount of $33,415 is not supported for expenses in preparing the restitution report is unsupported.**

The Government, through its Victim Impact Statement has submitted that Mr. Turner must pay for the preparation of the restitution report. The Government attempts to justify

this because "Andy incurred expenses in the amount of $33,415, broken down into two parts. First, Andy had expenses of $29,000 for a forensic psychological exam and a March 13, 2014, follow-up report from Dr. David Corwin, Professor and Director of Forensic Services at the Department of Pediatrics for the University of Utah School of Medicine. Dr. Corwin's report explains his findings from his clinical psychological examination of Andy. Second, Andy incurred expenses in the amount of $4,415 for an econometric calculation of losses by Dr. Stan V. Smith, President of the Smith Economics Group, Ltd." (*Id.* at 132). The request goes on to state that "because this expenses were all necessary to submit this particular restitution request, Andy is entitled to collect all of these expenses from Turner." (*Id.* at 132).

This cannot be possible or accurate. The events in Mr. Turner's case began on October 4, 2014 and ended on May 23, 2015. Mr. Turner was not even arrested until June 5, 2015. How could Andy have a psychological exam on March 13, 2014, for an event that had not yet occurred? The Government wants the Court to believe that Andy went to a forensic psychological exam on March 13, 2014 and later had an econometric calculation specifically for the actions of Mr. Turner.

Logically, Andy was the victim of child pornography and then went to get a forensic exam and economic measurement analysis for the original violation. Instead of forcing Mr. Turner to pay for all of the testing in 2014, which was over a year before Mr. Turner was arrested, that amount should at a minimum be divided amongst all of those

persons that the Government claims to have violated Andy. For this analysis, Mr. Turner and the Court need answers to questions in the above section A.

III.     Conclusion

For the above reasons, the Government's request for $58,415 is unsupported. Mr. Turner would agree to restitution in the amount of $5,000.

>
> Respectfully submitted,
>
> s/ *Dumaka Shabazz*
> DUMAKA SHABAZZ (BPR#022278)
> Assistant Federal Public Defender
> 810 Broadway, Suite 200
> Nashville, TN 37203
> 615-736-5047
> E-mail: dumaka_shabazz@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2018, I electronically filed the foregoing Motion to Set Plea Hearing with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to S. Carran Daughtrey and Henry C. Leventis, Assistant U.S. Attorneys, 110 Ninth Avenue South, A-961, Nashville, TN 37203-3870.

>
> s/ *Dumaka Shabazz*
> DUMAKA SHABAZZ