UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:15-cr-00093 |
| | ) SENIOR JUDGE ASPEN |
| JARRATT TURNER | ) |

## JARRATT TURNER'S REDACTED RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

Jarratt Turner, through counsel, files the instant response to the Government's sentencing memorandum. Jarratt Turner submits that the Government's request that he die in prison is far "greater than necessary" to satisfy the objectives of sentencing set forth in 18 U.S.C. § 3553(a).

### I. Argument

Jarratt Turner requests a sentence of 30 years to serve in the Bureau of Prisons to be followed by lifetime supervision. A 30 year sentence is an appropriate disposition that balances this incident, his history of childhood trauma, public safety, deterrence, and treatment in prison.

#### A. Jarratt Turner's History and Characteristics from Childhood Trauma

Childhood Trauma should be a major consideration for the Court in this case. Jarratt Turner has suffered ▮▮▮▮▮▮▮▮ severe substance abuse, and suicide attempts. All of those factors in themselves warrant a downward variance and a sentence that allows some small hope of restoration and liberty.

1

The Government begins its analysis by documenting a study of Adverse Childhood Experience's (ACEs). The Government describes an ACE as an "experience occurring to the adult before the age of 18, such as verbal abuse, physical abuse, contact sexual abuse, battered mother, household substance abuse, household mental illness, incarcerated household members, and parental separation or divorce. (Document #99 page 8). According to the Government "people with six or more ACE's died nearly 20 years earlier on average than those without ACEs" (Id at 8,9). Indeed this is shocking. Yet, it further supports Jarratt Turner's argument that a sentence above 30 years in prison is a sentence of death.

Here, Jarratt Turner has suffered numerous ACEs. As corroborated by his mother, Jarratt Turner was physically and verbally abused by his father. She recalled an event where Jarratt's father slammed him down and choked him. She also described verbal abuse stating that Jarratt's "father had an "imposing" presence and frequently yelled and screamed at the defendant because he did not meet his father's expectations." (PSR at ¶ 205)

Another ACE suffered by Jarratt Turner was the divorce and separation of his parents. Jarratt's mother sent him to therapy for almost a year due to her impending divorce. (*Id.* at ¶ 211).

Household mental illness is another ACE that Jarratt Turner experienced. His father, who was Vietnam Veteran, suffered from Post-Traumatic Stress Syndrome. This helps to understand his verbal and physical abuse he imposed on Jarratt. Similarly, Jarratt himself suffered from Bi-polar depression. The Government agrees that this is a serious mental illness. (Doc. #99 at 14)

Jarratt Turner also abused alcohol and drugs as a child, which is another ACE. He began abusing drugs such as marijuana, cough syrup, and huffing paint. (PSR at ¶ 217). Jarratt used alcohol and drugs as a means to escape his pain and to deal with depression.

[redacted]

Next the Government outlines the serious negative impact of those who have suffered multiple ACEs. For one, persons who experienced "six or more ACEs died nearly 20 years earlier on average than those without ACEs." (Doc #99 at 8,9) Jarratt Turner falls into this category. He has experienced verbal abuse, physical abuse, alcohol abuse, substance abuse, the divorce of his parents, [redacted] Relying on the Government's study and argument, Jarratt Turner's life expectancy (pre-prison) would be 60 years old. Furthermore, he is likely to

3

die 10-15 years earlier due to the harsh prison environment. A sentence of over 30 years is almost guaranteed to be a death sentence for Jarratt.

The most critical factor of the Government's position is the heightened likelihood of suicide for victims of childhood sexual abuse. According to the Government, "adult men, who were sexually abused in the form of intercourse as a child, were 240% more likely to attempt suicide than men who had never been sexually abused as a child." (Id. at 10). Indeed this explains Jarratt's multiple suicide attempts throughout his life.

Jarratt Turner exhibits the same profound long-term consequences that the Government is concerned the victims in this case will likely face. These consequences are real. Alcohol abuse, drug abuse, and suicide are all very serious consequences ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We have seen these consequences manifest in his own life. He has a history of drug and alcohol abuse dating all the way back to when he was a minor. Over the years his drug abuse became much more severe. Perhaps the most consequential was the abuse of crack cocaine. Jarratt Turner also suffered severe alcoholism. In his case, he abused alcohol so that he would finally pass out and go to sleep. Lastly, Jarratt Turner's ACEs, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ have led him to attempt suicide on multiple occasions. All of these traumatic experiences warrant a sentence of 30 years.

B. Public Safety and Recidivism

A sentence of 30 years places Jarratt Turner at the end of his expected life span. Furthermore, a sentence of 30 years would protect the public from Jarratt Turner for the next three decades. The protection will be extended for his remaining years due to the intensive

4

treatment and programming he will receive upon release. In addition to treatment from the Government's selected provider, Jarratt Turner will be placed on life time supervision and the sex registry, which will have place heavy restrictions on his life. For example, Jarratt Turner will always have someone monitoring his whereabouts, residence, access to minors, and online activity.

The Government makes the baseless claim that Jarratt Turner committed other sexual crimes prior to October 4, 2014. Here, the Government confiscated all of his electronic devices and searched his home and found no evidence that he had sexual contact with other children prior to these events. Yet they follow this unfounded claim by stating "that interest will not magically disappear after he serves 30 years."(Id at 11). Indeed, magic will not help Jarratt Turner address this incident nor the sexual abuse and rape he endured as a child. However, all of the intensive programs that he will participate in, both in prison and when he is released, will significantly decrease his likelihood of reoffending. The Government, through BOP, has an entire team of psychologists and treatment providers to help persons like Jarratt Turner. The programming includes psychosexual evaluations, Cognitive Behavioral Treatment, Individualized Treatment, and group council settings. All of the programming has been designed to be the most effective treatment with cutting edge methods. Furthermore, Jarratt Turner will undergo intense treatment when he is released. He will be assigned to a treatment provider who is selected and approved by the Government. This treatment and intense programming will certainly reduce the likelihood of reoffending. If not, why does the Government sponsor said treatment?

5

### C. Respect for the law.

Promoting respect for the law is another factor to consider. Here, the Government asserts that sentencing Jarratt to die in prison somehow promotes respect for the law. However, it does not. Death sentences serve primarily as retribution and have no meaningful impact with regards to respecting the law. Here, Jarratt Turner, who has no prior criminal history, has pled guilty in lieu of trial. This is significant because it prevents the victims and families from having to sit through a live jury trial, which could cause them extended pain and embarrassment. If persons charged with a crime have no chance of being released from prison then there is no incentive to accept responsibility and plead guilty. Instead, said persons would proceed to lengthy, expensive trials without regard to further pain and embarrassment to the victims.

Here, the government and the United States Probation Office are requesting a sentence of death in prison. Although the government uses terms like, a sentence for natural life, and the United States Probation Office is recommending 120 years to serve, they are both asking that this Court sentence Jarratt Turner to die in prison. While Jarratt Turner recognizes that his actions have caused suffering to the children and their families, a sentence of death is not warranted.

### D. Deterrence

Deterrence is another factor for the Court to consider when sentencing Jarratt Turner. As the Court is well aware, there are two types of deterrence; specific and general. A sentence of 30 years provides specific deterrence. After serving in prison for three decades, Jarratt Turner will have clearly understood his harmful conduct, for which he is already remorseful.

General deterrence is the unsubstantiated idea that by punishing Jarratt Turner, the rest of society will decide not to engage in such conduct. This has no validity for several commonsense reasons. For one, hardly no-one knows that Jarratt Turner is even facing life for his actions. He has no friends and limited family. The few people who know about his situation are not themselves at risk of committing the same crime. Therefore, no one in his inner circle will be deterred. Similarly, the larger community, particularly those who may commit crimes, will have no idea that Jarratt was prosecuted and sentenced to die in prison as the Government requests.

In its deterrence argument, the Government cites cases from the 80's, 90's, 2000's, and above. All of them talking about general deterrence. They also list several pages of cases where courts handed out harsh prison death sentences similar to what the Government is requesting in this case. However, despite all of the thousands of years that has been handed down as punishment in their presentation, they have not provided any evidence that those death sentences have deterred anyone. In fact, it seems as though these crimes are growing. "Though accounting for a relatively small portion of all sex crimes against children, evidence shows substantial increases in the number of arrests involving online sexual offenses over the past ten years (Motivans & Kyckelhan,2007; Wolak, Finkelhor, & Mitchell, 2005, 2009)." This is despite the Government claims that a sentence of 120 years will deter society at large from similar crimes.

Real deterrence in this case can be achieved with a sentence of 30 years combined with intense Government programming and treatment. Jarratt Turner plans to participate in every single program that BOP offers sex offenders. Additionally, he will participate in other

programs that will help him cope substance abuse, problem solving, and education. The Government's BOP SOMP treatment and its team of treatment providers can significantly deter Jarratt Turner from reoffending. Furthermore, the intense programming he will receive from the Government's treatment provider will assist Jarratt Turner while on supervised release.

## II. Conclusion

As stated in his initial sentencing memo, Jarrett Turner respectfully requests a sentence of 30 years. That sentence is extremely harsh. It is only about 30% shorter than his expected life span, but that small bit of leniency is well deserved given ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ that Turner has pled guilty and has fully and remorsefully accepted responsibility for his behavior.

Respectfully submitted,

*s/ Dumaka Shabazz*
DUMAKA SHABAZZ
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047
Dumaka_shabazz@fd.org

Attorney for Jarrett Turner

### CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2018, I electronically filed the foregoing Redacted Response to the Government's Sentencing Memorandum with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: S. Carran Daughtrey, Jason E. Ehrlinspiel, and Debra Teufel Phillips, Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, Tennessee, 37203.

*s/ Dumaka Shabazz*
DUMAKA SHABAZZ

8

Case 3:15-cr-00093   Document 103   Filed 04/05/18   Page 8 of 8 PageID #: 535