NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0060n.06

Case No. 18-5451

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE MIDDLE DISTRICT OF |
| JARRATT A. TURNER, | ) TENNESSEE ) |
| Defendant-Appellant. | ) ) |
| _____/ | ) |

**FILED**
Feb 06, 2019
DEBORAH S. HUNT, Clerk

Before: MERRITT, GIBBONS, and NALBANDIAN, Circuit Judges.

**MERRITT, Circuit Judge.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this child pornography case, the thirty-six-year-old defendant was sentenced to 105 years' imprisonment, effectively a life sentence. Defendant Jarratt Turner was indicted in July of 2015 in a seventeen-count indictment. He was charged with sixteen counts of coercing a minor to engage in sexually explicit conduct under 18 U.S.C. § 2251(a) and § 2251(d). Count 17 was a transportation of child pornography charge under 18 U.S.C. § 2256(8)(A) and 18 U.S.C. § 2252A(a)(1) and § 2252A(b). All of these charges related to two victims in incidents occurring in 2014 and 2015. Turner pled guilty to all charges in March 2017. There is no valid legal basis

Case No. 18-5451
*United States v. Jarratt Turner*

to reverse the district court's long sentence in this child pornography case in which the defendant produced the pornography himself by penetrating the children himself.

In 2014, Turner offered to baby sit for parents he had met through Narcotics Anonymous. On the occasions charged, Turner physically molested two of the children he was babysitting (a 2-year old and a 1-year old), filmed the incidents on his smartphone, and then circulated those materials on the Internet from locations with only publicly available Internet access like coffee shops. The details of each count include physical molestation and penetration. Turner was caught when an Australian police officer communicated with him online and referred the matter to U.S. law enforcement. When officers entered Turner's home, it was clear that some of the images and videos had been recorded there. Turner's various electronic devices contained 3,039 images and 57 videos of child pornography. The Presentence Report calculated Turner's offense level under the Guidelines at 53 but reduced it to 43. Turner is 36 years old and has led a troubled life but has no criminal history.

The guideline maximum range for Turner's incarceration was 6,000 months, or 500 years. The minimum term of imprisonment under 18 U.S.C. § 2251(e) is 15 years, and the maximum is 30 years per count (there are sixteen). The minimum term of imprisonment under 18 U.S.C. § 2252A(b)(1) is 5 years, and the maximum is 20 years, per count (there is one). The government recommended a sentence of 1,440 months (120 years). The defendant's attorney requested 30 years and did not object to the guideline calculations.

At sentencing the defendant expressed remorse for his actions. The sentencing judge settled on a term of 105 years. He said, "[I]f I presume that there is a 90 percent chance that you will never get in trouble again in a case like this involving innocent children whose lives can be ruined just the way your life was ruined by somebody else who did the same thing to you, I can't

- 2 -

Case No. 18-5451
*United States v. Jarratt Turner*

take a chance on it because one of the goals of sentencing is to protect society." The judge also noted, "I said 105 [years] because not in this case[,] but I have other cases where [the] prosecution asked for artificial sentences for shock purposes in a thought that that's going to deter others…That's nonsense…What's coming to me is a concern for defenseless people out there…"

## II. ANALYSIS

Turner's guilt or culpability is not in question. On appeal, the defendant contends that his sentence was procedurally and substantively unreasonable. His main point is that the sentencing judge did not adequately consider the 18 U.S.C. § 3553(a) factors and that he gave unreasonable weight to protecting the public. The standard of review for reasonableness is abuse of discretion. *United States v. Pirosko*, 787 F.3d 358, 372 (6th Cir. 2015). Because the sentence was within the guidelines range, it is presumptively reasonable. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

As to procedural unreasonableness, the defendant claims that the court did not meaningfully consider the trauma of his upbringing in which he suffered the same type of sexual abuse by his own father. The District Court did indeed consider Turner's upbringing in sentencing him. It said so. Further, the judge considered the defendant's remorse, his parental influence, and victim impact. The assessment was thorough and reasoned. The defendant also complains that the District Court improperly considered only one factor, protecting the public. Although this factor was certainly first and foremost in the Court's mind, the sentencing judge clearly considered the seriousness of the offense and the defendant as a victim.

As to substantive reasonableness, the defendant points to *United States v. Aleo*, 681 F.3d 290 (6th Cir. 2012), where we reversed a 60-year sentence as substantively unreasonable. *Aleo* is inapposite because the Court's sentence here was within the guidelines range. *Aleo*, 681 F.3d at

- 3 -

Case No. 18-5451
*United States v. Jarratt Turner*

302 ("While we share the district court's outrage at Aleo's acts, the justifications offered by the district court do not support the enormous variance *beyond the guidelines range* and the disparity with sentences of other, similar offenders.") (emphasis added). Furthermore, the *Aleo* court discussed production of child pornography cases from outside the Sixth Circuit like the instant matter and noted that they "serve to demonstrate the type of offenses that should be given the harshest punishment the law can offer." *Id.* at 301 n.8 (discussing production cases with sentences of 100 and 140 years of imprisonment).

This is a 36-year old defendant. Making a generous assumption, the defendant could live to be 90 years old. So realistically speaking, if a Sentencing Guideline suggests a range of 40 to 50 years, then the sentencing judge has guideposts for an exercise of discretion still occurring within the defendant's lifetime. But when the Guideline range is up to 500 years, then the range extends far beyond the defendant's lifetime. In that sense, it does not matter whether he receives a 499-year sentence or a 105-year sentence because he will die in prison long before he can ever satisfy either sentence.

In light of the facts and the current sentencing guidelines, we find no basis for reversing the sentence. The only relief that may be available is in the distant future. 18 U.S.C. § 3582(c)(1)(A) allows the Bureau of Prisons to make a motion for release for offenders who are 70 years of age, have served 30 years in prison and are "not a danger to any other person."

Accordingly, the judgment of the district court is affirmed.